UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO ALFONSO SANCHEZ-PAZ,

       Petitioner,

v.                                    CASE NO:  8:11-CV-1019-T-30MAP
                                            Crim. Case No: 8:09-CR-411-T-30MAP

UNITED STATES OF AMERICA,

       Respondent.

_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Pedro Alfonso Sanchez-Paz's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #1), and the Government's Response (Dkt. #4).  After review of the pleadings, the arguments, and the record, the Court concludes that the petition should be denied.

### Background

After his motion to suppress was denied, Sanchez-Paz pled guilty to knowingly and intentionally manufacturing and possessing marijuana with the intent to distribute.  He was sentenced to sixteen months imprisonment followed by 48 months of supervised release.

The factual background of this case is found in this Court's Order (CR Dkt. #26) denying the motion to suppress the evidence:

> The facts are not in dispute.  On August 13, 2009, Detective Theresa Edmiston received information from a detective in Broward County, Florida, that one of his confidential informants had told him that the residence at 3630

Twisted Oak Court in Lake Wales, Florida, was being used as a marijuana grow house and was stealing electricity by illegally tapping into the electrical line to bypass the electric meter. Further, the informant advised that the house at 3630 Twisted Oak Court was owned by Ray Moore who employed an individual on life parole to take care of the plants.

That same day Detective Edmiston contacted Tim Farrans, an employee of Progress Energy, and told him of the information she had received concerning the theft of electricity. Progress Energy is the electric utility company that supplies electricity to 3630 Twisted Oak Court. Progress Energy's rules and regulations on file with the Florida Public Service Commission authorized its agents to have access at all reasonable hours to the premises of a customer for the purpose of inspecting, installing, maintaining or reading the meter. See Florida Statute § 366.03.

That afternoon, at approximately 2:15 p.m., Farrans went to the residence at 3630 Twisted Oak Court where he met Detective Edmiston and Detective Alejandro Angulo. Farrans requested that Angulo accompany him onto the property. Detective Angulo put on an agency issued vest which displayed the word "Sheriff" in bold, yellow letters across the front and rear. Detective Angulo then accompanied Farrans onto the property where they observed two pit bull dogs. Farrans went to the rear of the property to inspect for an illegal tap. Detective Angulo stopped at the southeast corner of the residence in order to observe both Farrans and the two pit bull dogs. After doing some digging, Farrans returned to Detective Angulo and reported that he had found a tap located underground below the meter.

As Farrans and Detective Angulo were exiting the property, the Defendant, Pedro Alfonso Sanchez-Paz, came out of the front door of the residence. Farrans informed Mr. Sanchez-Paz that he was with the power company and was checking the meter.

Subsequently, Detective Edmiston applied for a search warrant. In the affidavit supporting the request, she noted that, while at the residence, she had observed two air conditioning units cooling the house. She explained that multiple air conditioning units for a residence the size of the one in question was often an indicator of a cultivation operation. Further, she noted that she had checked the records of the Polk County Property Appraiser's office and identified Moore as the owner of the premises. A criminal records search verified that the Defendant was on federal parole until 2028. A search warrant was issued and a search pursuant to the warrant discovered growing marijuana

plants and other evidence, all of which is the subject of the Motion to Suppress.

Criminal Dkt. #26, pp. 2-3.  Although defense counsel requested an evidentiary hearing on the motion to suppress, this Court entered its Order denying the motion without an evidentiary hearing because the essential facts were undisputed.

Sanchez-Paz directly appealed his final judgment and sentence challenging the denial of his motion to suppress.  The Eleventh Circuit affirmed.  *United States v. Sanchez-Paz*, 402 Fed. Appx. 498 (11th Cir. 2010) (unpublished).  Criminal Dkt. #55.

Sanchez-Paz timely filed the instant habeas petition raising four grounds of ineffective assistance of counsel:

**Ground One:**   Defense counsel failed to petition the United States Supreme Court for certiorari upon his conviction being affirmed.

**Ground Two:**   Defense counsel failed to request an evidentiary hearing on his motion to suppress.

**Ground Three:**   Defense counsel failed to "effectively" challenge Progress Energy's assertions and determination of total loss.

**Ground Four:**   Defense counsel failed to raise the "right issues" in his motion to suppress or on direct appeal.

## Standard of Review

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## Discussion

**Ground One:** Defense counsel failed to petition the United States Supreme Court for certiorari upon his conviction being affirmed.

In support of ground one, Sanchez-Paz argues that he and his daughter both tried to get in touch with his counsel to get him to file a petition for certiorari with the U. S. Supreme Court after the Eleventh Circuit denied his appeal.  He claims that all of these attempts to contact his counsel were unsuccessful.

The Court notes that Sanchez-Paz attached to his petition a letter to his counsel dated January 20, 2011, in which he acknowledges that his counsel had written him a letter on November 23, 2010, informing him that he would not file a petition for certiorari because Sanchez-Paz did not meet the appropriate criteria.  Also attached to the petition is Sanchez-Paz's letter to the U. S. Supreme Court asking it to appoint him counsel to file a petition on his behalf. The Supreme Court responded on February 14, 2011, informing Sanchez-Paz that they do not appoint counsel for the purpose of preparing petitions for writs of certiorari, but he could file a petition on his own behalf if he wished.  The Supreme Court supplied him with a sample petition and a copy of the Supreme Court rules for that purpose.  Apparently, Sanchez-Paz declined to file his own *pro se* petition.

Sanchez-Paz claims that his counsel's failure to file a petition for certiorari on his behalf constitutes a violation of his Sixth Amendment right to counsel.  But this claim fails

because Sanchez-Paz does not have a constitutional right to counsel for filing a petition of certiorari with the U.S. Supreme Court. Review by the Supreme Court is discretionary with that court. There is no constitutional right to counsel to pursue discretionary review. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). *See also Cooper v. United States*, 2008 WL 3992331, *9 (S.D. Fla. 2008) and the cases cited therein. Since Sanchez-Paz had no constitutional right to counsel for filing a petition for certiorari, he did not receive ineffective assistance when his counsel failed to file the petition. *Washpun v. United States*, 109 Fed. Appx. 733, 735 (6th Cir. 2004) ("Because [a movant] has no constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he cannot claim that his counsel's failure to raise an *Apprendi* claim in that petition amounted to ineffective assistance.").

Therefore, ground one is without merit and must be denied.

**Ground Two:**       Defense counsel failed to request an evidentiary hearing on his motion to suppress.

Sanchez-Paz is incorrect. His counsel did request an evidentiary hearing on the motion to suppress. The motion itself contained the following language:

> Mr. Sanchez-Paz requests an evidentiary hearing on this motion to suppress as a factual dispute has arisen regarding the circumstances surrounding his seizure and the search of his residence.

Criminal Dkt. #22, p. 19. In spite of that request, the Court concluded that the essential facts were not in dispute and it was not necessary to hold an evidentiary hearing. *United States v. Horne*, 198 Fed. Appx. 865, 870 (11th Cir. 2006) (no evidentiary hearing required when

suppression motions did not raise "disputed issue of fact that required resolution in an evidentiary hearing").

Since Sanchez-Paz's counsel did in fact request an evidentiary hearing, this ground is without merit and will be denied.

**Ground Three:**    Defense counsel failed to "effectively" challenge Progress Energy's assertions and determination of total loss.

In support of ground three, Sanchez-Paz argues that his attorney was not effective "in objecting and cross-examining the Progress Energy employee and arguing his assumptions . . .." At the sentencing hearing, defense counsel did object to the loss amount contained in the presentence report. The Government then called a witness from Progress Energy to testify to the basis of the calculation of the loss. This testifying employee was the same one who had located the underground illegal tap that by-passed the meter. He testified that, based on his experience with these matters and his observation of the condition of the tap, the tap had been there for longer than a year. The account was in the name of Ray Moore, the owner of the property, and the account had been in existence for almost two years. The Government then placed a chart into evidence containing the loss calculation with the employee testifying to each item necessary to support the summary chart. *See* Transcript, Criminal Dkt. #50.

Defense counsel did cross-examine the witness and argued to the Court that the testimony was insufficient to support the loss. The Court ruled in favor of the Government.

Sanchez-Paz's conclusory statement that his counsel could have argued something more or differently is insufficient to support a habeas claim.  Therefore, ground three fails.

**Ground Four:**      Defense counsel failed to raise the "right issues" in his motion to suppress or on direct appeal.

Sanchez-Paz does not specify what he contends would be the "right issues" for his defense counsel to have raised.  He does say that his attorney should have objected to the Court's finding "that all members of the conspiracy would be responsible for restitution," but that is a correct statement of the law even where only one member of the conspiracy is being charged.  Counsel is not ineffective for failing to raise an objection that has no merit.

In the remainder of this ground, Sanchez-Paz continues to argue the calculation of the loss amount used to determine restitution.  That argument was addressed in ground three and need not be repeated here.

Sanchez-Paz also faults his counsel for not arguing that Sanchez-Paz should not be held liable for the whole restitution "since it cannot be determined at what capacity or at what time Mr. Sanchez-Paz started tending to the grow operations."  A member of a conspiracy is responsible for all foreseeable actions of his co-conspirators even if he only takes part in a portion of the activities and does not know all of the other co-conspirators.  Sanchez-Paz does not offer any evidence of what portion of the almost two year conspiracy he was a member, or what portion of the loss, under any theory, would have been more accurate.  Without some offer of proof in this regard, Sanchez-Paz  cannot demonstrate that he was prejudiced by his defense counsel's failure to make any more or different arguments.

For the foregoing reasons, ground four fails.

## **Conclusion**

Since all four grounds have been deemed to be without merit, the petition will be denied.  It is therefore

ORDERED AND ADJUDGED that:

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #1) is DENIED.

2.      The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#56, in the underlying criminal case, case number 8:09-cr-411-T-30MAP.


CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED


IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on April 18, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2011\11-cv-1019.deny 2255.wpd